ALBANY,
Oct. 1828.

Leonard
v.
Mason.

---

### A. LEONARD *vs.* MASON.

A request to pay the amount of a promissory note, written underneath the same, is operative as a bill of exchange, and the drawee, after acceptance, is liable to an action.

ERROR from the Onondaga common pleas. A. Leonard sued Mason in a justice's court, on an order for the payment of money accepted by Mason. The plaintiff held a promissory note against one N. Leonard for $34,48, underneath which was written an order or bill of exchange, in these words : " Levi Mason, Esq., please pay the above note, and hold it against me in our settlement. N. Leonard." The justice gave judgment for the defendant, and the plaintiff appealed to the Onondaga common pleas. On the trial in that court, the note, with the order written thereunder, were produced, and a presentment to, and a parol acceptance and promise to pay by the drawee proved. The common pleas nonsuited the plaintiff, holding the promise of the defendant to be within the statute of frauds.

*J. R. Lawrence,* for plaintiff in error. The order was in the nature of a bill of exchange, and a parol acceptance was good. (*Cowen's Tr.* 84. 15 *Johns. R.* 6. 4 *Campb.* 393. *Chitty on Bills,* 76. 2 *Wheat. R.* 66. *Stange,* 1000. 3 *Burr.* 1886.) After acceptance, the order was a chose in action, on which an assignee might have maintained a suit, on shewing a promise to pay. (1 *Cowen,* 13. 6 *Cowen,* 151.)

*B. Davis Noxon.* This was a promise to pay the debt of another, and therefore within the statute of frauds, as there was no consideration shewn for the promise. (3 *Johns. R.* 210. 4 *Johns. R.* 422.) The order cannot be considered a bill of exchange. (6 *Cowen,* 108.)

*Gridley,* in reply. This case is clearly distinguishable from that in 6 *Cowen.* The bill here is not payable on a contingency. There was no difficulty in the taking up the note. The bill and note were on the same paper.

*By the Court,* SAVAGE, Ch. J. The only question is, whether the order which the defendant accepted, is a good bill of exchange: if so, a parol acceptance is good. It is supposed that this case depends on the same principles as the case of *Cook* v. *Satterlee & Satterlee,* (6 *Cowen,* 108.) The rule there recognized is, that a bill of exchange must be for the payment of money, and nothing else. In that case, the drawees were required to pay a certain sum of money, and take up a note given by the drawer to a third person. Here it is to pay a note, which is referred to merely to ascertain the amount; and the retaining the note as a voucher, is no more the performance of another act beside the payment of the money, than the retaining the order itself for the same purpose.

The court erred. The judgment must be reversed, and a *venire de novo* is awarded to Onondaga common pleas.