## O'DONNELL *v.* SMITH.

Where a debtor, underneath a bill rendered to him by his creditor, drew an order upon the defendant, in terms, "Please pay the above, and charge the same to account of;" and the defendant, upon the presentment of the bill and order, wrote thereon and signed, "I promise to pay the above on or before Saturday, 22d November, 1851;" *held*, that the order was a bill of exchange, and that the defendant's promise was not within the statute of frauds, nor void for the want of a consideration expressed in the promise.

APPEAL by the defendant from one of the district courts.

BY THE COURT. WOODRUFF, J.—This action is brought upon a promise in writing, made by the defendant, in substance as follows:

"*Nov. 14th,* 1851.

"Mr. Peter Smith, bo't of J. O'Donnell,
"Nov. 14th and Nov. 11th.    (Specifying items.)    $37 70."

Underneath which was a request, signed by the debtor, Peter Smith, to pay the above and charge to his account, to which was added,

"I promise to pay the above on or before Saturday, 22d Nov., 1851.                    (Sig'd,)          T. W. SMITH."

The plaintiff proved on the trial, by the drawer of the order, Peter Smith, that he drew the order upon the defendant, and that the signature to the promise thereunder written was in the defendant's handwriting; and the justice rendered judgment for the plaintiff. The defendant appeals.

The only ground of appeal assigned by the appellant—and to which our attention is now directed—is, that the defendant's promise was a promise to pay Smith's debt, and there being no consideration expressed in it, it is void by the statute of frauds.   (2 Rev. Stat. 136, § 2.)

To dispose of this ground of appeal, it is only necessary to refer to *Leonard* v. *Mason*, 1 Wend. 522, in which a parol acceptance of an order written beneath a note, in this language, "Please pay the above note, and hold it against me in our settlement," was held to constitute a valid contract, on the ground that the order was, in legal effect, a bill of exchange, and therefore the promise to pay was not within the statute.

The above order must, therefore, be deemed a bill of exchange, and the written promise of the defendant is a sufficient acceptance.

The judgment must be affirmed, with costs.