# MARTIN O. WALKER
## *v.*
# JEFFERSON T. ROGERS.

1. BILLS OF EXCHANGE—*what laches on the part of an indorsee will discharge the drawer.* The simple fact that the drawer of a bill of exchange had no funds in the hands of the acceptor, will not excuse the holder from making proper presentment to the acceptor for payment, and giving immediate notice of non-payment, if it appear that the acceptor was indebted to the drawer.

2. The indebtedness of a party is a fund against which the creditor may properly draw a bill of exchange; and if the debtor accept the bill, and the holder, an indorsee, omit to present it to the acceptor at maturity, and give immediate notice of non-payment, such *laches* will discharge the drawer.

3. SAME — *subsequent promise of the drawer to pay — whether a waiver of prior laches.* Where such *laches* have intervened in respect to the presentment of a bill of exchange to the acceptor for payment, and the giving of notice of non-payment, as would operate to discharge the drawer, and a subsequent

promise of the drawer to pay is relied upon, unless it appears that the new promise was made with a full knowledge of the facts out of which the discharge of the drawer has arisen, such promise is no waiver.

4. BURDEN OF PROOF — *to render a new promise binding.* The burden of proving that the new promise was made by the drawer with a knowledge of the facts out of which his discharge arose, is upon the party seeking to hold him liable thereon.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of assumpsit commenced in the court below by Jefferson T. Rogers and Robert R. Jefferson, as indorsees, against Martin O. Walker and James Moore, as drawers of two certain bills of exchange. Pending the suit, Jefferson and Moore died, and the cause proceeded in the names of the survivors, a trial resulting in a verdict and judgment for the plaintiff. The defendant thereupon sued out this writ of error. The nature of the case is fully developed in the opinion of the court.

Messrs. MCALLISTER, JEWETT & JACKSON, for the plaintiff in error.

Messrs. LULL & ATWOOD, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the indorsee of two bills of exchange against the drawers, the acceptor having failed to pay. There is no proof of presentment for payment to the acceptor, at the maturity of the bills, nor of immediate notice of non-payment. It is insisted, however, by the defendant in error, that the drawers were not discharged by this *laches* of the holder, because, it is said, they had no funds in the hands of the acceptor. It appears, however, that the acceptor was indebted to the drawers, and this fact made it obligatory on the holder to present the bill at maturity. Such indebtedness was a fund against which the plaintiff in error had a right to draw. *Thackray* v. *Blackett*, 3 Campb. 164.

It is also insisted that the drawers waived the *laches* by a subsequent promise. The language used was equivocal; but, admitting that the partner who used it intended to be understood as promising payment, there is no evidence that, when he made the alleged promise, he knew that the holder had failed to present the bill at maturity, or to give due notice of non-payment. Unless it appears that the new promise was made with a full knowledge of the facts out of which the discharge of the drawer has arisen, such promise is no waiver. The burden of making this proof is upon the plaintiff. *Morgan* v. *Peet*, 32 Ill. 288; *Farrington* v. *Brown*, 7 N. H. 271; *Trimble* v. *Thorn*, 16 Johns. 153.

It is impossible to sustain this verdict upon the evidence. The judgment is reversed and the cause remanded.

*Judgment reversed.*