JOHN A. FRECH AND GEORGE M. FRECH, JR., PLAINTIFFS IN ERROR, v. WILLIAM H. YAWGER, EXECUTOR OF WILLIAM H. YAWGER, SR., DEFENDANT IN ERROR.

After a note had matured, but was still held by the payee, two sons of the maker, for the purpose of inducing the payee not to pass the note into the hands of a third person, and to give further time for payment, placed their names under that of their father already upon the note. *Held*—

1. That there was a good consideration to support their contract, which was to pay the amount of the note upon demand.

2. That their contract was not within the operation of the statute of frauds.

On error to Hunterdon Circuit Court.

For the plaintiffs in error, *J. A. Frech* and *A. A. Clark.*

For the defendant in error, *H. A. Fluck.*

The opinion of the court was delivered by

REED, J.  This writ brings up a judgment upon a verdict

taken in the Hunterdon Circuit.   The action was against the plaintiffs in error upon a note, of which the following is a copy:

"CLINTON, April 16th, 1862.
"Six months after date I promise to pay Wm. H. Yawger, or bearer, the sum of two hundred dollars, without defalcation or discount, for value received, with interest from date.
"GEORGE M. FRECH.
"JNO. A. FRECH.
"GEO. M. FRECH, JR."

It appeared at the trial that the note was orignally signed by George M. Frech.   About April 1st, 1880, the names of the plaintiffs in error, John A. and George M. Frech, Jr., were by them signed thereto.   Both George M. Frech, the maker, and William M. Yawger, the payee, are dead.   At the close of the plaintiff's case, a non-suit was moved and refused.   Error is assigned upon the exception sealed to this ruling.   The contention now is that the defendants below were not fixed with a liability to pay the said note by anything appearing in the testimony delivered in the cause.   It is insisted that there was a failure to show, first, that there was any consideration moving to them for their signatures; and secondly, that their contract was evidenced by no writing which would satisfy the statute of frauds.

In regard to the first objection it is sufficient to remark that the evidence relative to the consideration is sufficient for the jury to have drawn a conclusion therefrom that the signing of the note by the plaintiffs in error was induced by a promise on the part of the payee and holder of the note to retain the same in his own hands, and to give further time to the maker. Either of these was a sufficient consideration to support the contract entered into by John and George Frech.

It is secondly insisted that the contract of these parties was a guaranty of the debt of their father, and that the fact that they wrote their names underneath the name of the maker, long after the execution and maturity of the note, is not a

written guaranty. Had the names of the plaintiffs in error been signed to the paper before maturity, it could with no reason be pretended that they did not enter into a clearly defined written contract to pay money at a certain time. But it is said that from the fact of its appearing that at the time of the signature the note had already matured, it appears that their promise, so far as it was evidenced by the writing itself, was to pay at an impossible time. It is no objection to the validity of a note that it has no time of payment mentioned. It is payable on demand. *Thompson* v. *Ketcham*, 8 *Johns.* 189; *Whillock* v. *Underwood*, 2 *B. & C.* 157; *Piner* v. *Clary*, 17 *B. Mon.* 663.

The negotiation of a note after maturity is equivalent to the issuance of a note payable on demand. This is the extent of an endorser's liability who places his name upon paper after maturity. *Berry* v. *Robinson*, 9 *Johns.* 121; *Bishop* v. *Dexter*, 2 *Conn.* 419; *Patterson* v. *Todd*, 18 *Penna. St.* 426; *Chitty on Bills*, § 216. And from all analogous instances of the signing of commercial paper after maturity, the contract of these parties must be esteemed as the execution of a note payable upon demand.

But it may be said that this effect of the signature is the result of the application of the usages peculiar to the law-merchant, and is not the written expression of the parties, and so does not amount to a writing within the purview of the statute of frauds. If, however, it be admitted that this construction of the contract into which these parties entered is the result of the application of the principles of the law-merchant, and is not merely the construction which is always given to any agreement to do an act where none or a past date is mentioned, yet this admission does not aid the plaintiffs in error. For it cannot be doubted that to the class of collateral agreements in which, by the law-merchant, a signature, from its position and surrounding circumstances, implies a completed contract, the statute of frauds does not apply.

Thus, Chitty, speaking of bills, remarks that this security is in some respects preferable to many others of a more formal

nature. For, says he, each of the parties to a bill, by merely writing his name upon it as drawer, acceptor or endorser, thereby guarantees the due payment of it at maturity, and the consideration in respect of which he became a party to it can rarely be inquired into; whereas, in the case of an ordinary guaranty, the statute against frauds requires the consideration to be expressed, and other matters of form, which frequently render an intended guaranty wholly inoperative.

So, Mr. Throop, in speaking upon this subject, observes that it is well settled that in the absence of a statute requiring an acceptance of a bill of exchange to be in writing, a verbal acceptance will bind, the cases so holding ignoring altogether the statute of frauds. Many other still more unequivocal instances of liabilities created by the mercantile law, which are daily enforced by the courts in direct conflict with the provisions of the statute of frauds, may be suggested. For instance, that of an accommodation endorser, particularly of an unaccepted bill of exchange. *Throop on Validity of Verbal Agreements*, § 86.

The following authorities are grounded obviously on the non-applicability of the statute to contracts which arise by the usages of the law-merchant : 2 *Dan. Neg. Inst.* 777 ; *Leonard* v. *Mason*, 1 *Wend.* 522 ; *Oakley* v. *Boorman*, 21 *Wend.* 588 ; *Spaulding* v. *Andrews*, 48 *Penna. St.* 411 ; and other cases cited by Mr. Throop at section 86 of his work.

In any aspect in which the liability of the plaintiffs in error can be viewed, I think there was a case for the jury, and the action of the trial justice in refusing to non-suit was correct.

Judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, COLE, WHITAKER. 10.

*For reversal*—DIXON, PARKER, PATERSON. 3.