### Edwin J. Bowes, Jr., and John R. Bowes, as Edwin J. Bowes, Jr., & Bros. v. Industrial Bank of Chicago.

1. BILLS OF EXCHANGE—*Form of, by Indorsement.*—The indorsement—

"PEABODY, HOUGHTELING & CO.,
Pay to the order of Empire Building Co.,
                                    JOHN R. BOWES,"

on the following instrument:

" $500                                      No. 4,794.
                              CHICAGO, June 17th, 1892.

To E. J. BOWES, JR., & BROS.:

This is to certify that the Empire Building Co., contractor for the entire work of your building No. — Fulton street, is entitled to a payment of five hundred dollars by the terms of the contract.

| | | |
|---|---|---|
| Contract......................... $7,850 | | |
| Extra work....................... | | Remarks. |
| Deductions....................... | | |
| Total | | |
| Previous issues, $6,325........... | | |
| Present issue................$500 | 6,925 | |
| Balance | $925 | |

                              WILSON & MARBLE.
                              By A. H. DODD."

is held to be a bill of exchange on Peabody, Houghteling & Co., payable at sight, the sum being adopted from the face of the instrument.

2. SAME—*Renewed by Indorsement.*—Any indorsement of a bill of exchange may be considered as a new bill drawn by the indorser on the acceptor in favor of the payee.

3. SAME—*Presenting for Payment, to Charge Drawer.*—To charge a person as drawer of a bill of exchange, the bill must be presented for payment, and notice of non-payment given according to the law merchant.

Bowes v. Industrial Bank of Chicago.

**Assumpsit,** on a bill of exchange. Appeal from a judgment of the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 10, 1895. Rehearing granted and reversed and remanded. Opinion on rehearing filed April 4, 1895.

Woolfolk & Browning, attorneys for appellants.

Appellee's Brief, Jones & Strong, Attorneys.

Appellee contended that the instrument sued is negotiable.

Negotiable instruments are instruments on which a right of action passes by an assignment by mere indorsement. Usually the test of the negotiability of an instrument is found in the use of the words " order" or " bearer." It may be stated as a rule of law that these words or their equivalent are essential to invest the instrument with the attribute of negotiability. 16 Am. & Eng. Enc., 479; Fawcett v. Nat. L. Ins. Co., 97 Ill. 11; Lowry v. Andreas, 20 Ill. App. 521.

Our statutes provide: " All instruments in writing made by any person, whereby such person acknowledges any sum of money to be due any other person, shall be taken to be due and payable, and the sum of money therein mentioned shall by virtue thereof be due and payable as therein expressed." Ill. Rev. Stat., Chap. 98, Sec. 3.

The statutes also provide, Sec. 4, Chap. 98: " Any instrument in writing made payable to any person named as payee therein shall be assignable, by indorsement thereon under the hand of such person and of his assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee successively."

" A bill of exchange is an unconditional order in writing for the payment of a sum of money absolutely and at all events." Daniel on Negotiable Instruments, Sec. 27 (4th Ed.); Benjamin's Chalmers, Bills, Notes and Checks, Art. 1.

No particular form is necessary to its validity. Dan'l Neg. Inst., Secs. 35, 106; 2 Am. and Eng. Ency. 321; Weston

v. Myers, 33 Ill. 424; Hibbard v. Holloway, 13 Ill. App. 101; Swift v. Whitney, 20 Ill. 144.

Sufficiency of fund is immaterial. Benj. Chal. Bills, etc., Art. 10, Explan. 2.

If the sum payable can be gathered from any part of the instrument, whether from the figures or the form of expression in the body of the bill, it is valid. Benj. Chal. Bills, etc., Art. 12, Explan. 2; Murrill v. Hundy, 17 Mo. 406.

The contract between the original parties to the paper is to be gathered from all that appears in it. Prins v. So. Branch Lumber Co., 20 Ill. App. 236; Riley v. Dickens, 19 Ill. 29; Corgan v. Frew, 39 Ill. 31.

It is usual, but not necessary to insert date. Dan'l Neg. Inst., Secs. 131, 83; 3 Am. and Eng. Ency. 320; Benj. Chal. Bills, etc., Art. 15.

It is usual, but not necessary, to state the place where drawn. Childs v. Laflin, 55 Ill. 156; Benj. Chal. Bills, etc., Art. 2.

Payable on demand is understood when no time of payment is expressed. Dan'l Neg. Inst., Sec. 88; Benj. Chal. Bills, etc., 18 Explan. 1.

A delivery of an incomplete bill, signed or indorsed for use as such, confers a *prima facie* authority upon any successive holder to fill the blanks necessary to its completion; and if the bill be negotiated to a holder for value without notice, the presumption of authority becomes absolute. Benj. Chal. Bills, etc., Art. 23; Dan'l Neg. Inst., Sec. 38 and 142; Eliot v. Lovings, 54 Ill. 213; Maxwell v. Vansant, 46 Ill. 58; Boynton v. Pierce, 79 Ill. 145.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

At the foundation of this suit is an instrument as follows:

"$500.                                    No. 4,794.

CHICAGO, June 17th, 1892.

To E. J. BOWES, JR., & BROS.:

This is to certify that Empire Building Co., contractor for the entire work of your building, No. — Fulton street, is entitled to a payment of five hundred dollars. .

Bowes v. Industrial Bank of Chicago.

```
Contract.         $7,850, by the terms of the contract.
Extra work.                         Remarks.
Deductions.
   Total.
   Previous issues, $6,325.
   Present issue,     500 $6,925.
                            ──────
      Balance,    ʻ    .    $925.
```

                           Wilson & Marble,
(Indorsed)                         By A. H. Dood.
    Peabody, Houghteling & Co.,
Pay to the order of Empire Building Co.
                       ·John R. Bowes.
Pay to the order of Industrial Bank,
                Empire Building Co.
                    G. C. McArthur, Treas."

It is assumed that the signature to the first indorsement is to be regarded as that of the appellants. There is no evidence that the instrument was presented to Peabody, Houghteling & Co. for payment before July 17, 1892, nor that any notice of presentment for payment, and the fact of non-payment, was given to the appellants before August 3, 1892.

The appellants offered to prove that they had overpaid the Empire Building Co., which evidence the court rejected, and the appellants excepted.

For the appellee the court gave, over exception by appellants, these instructions:

"The jury are instructed on the plaintiff's behalf that if they believe from the evidence that the plaintiff obtained the instrument sued upon for a valuable consideration, without notice of mistake or fraud, they will find for the plaintiff and assess its damages at $500, and interest thereon at five per cent from June 17, 1892.

If jury believe from evidence that plaintiff obtained instrument sued on for value after the Empire Building Company, or some one of them, had presented the same to Peabody, Houghteling & Co. for payment on or about its date,

that is sufficient presentment, and you shall find for the plaintiff.

If jury believe from the evidence that plaintiff obtained certificate for valuable consideration, in ordinary course of business, and discounted the same, they must find for plaintiff."

And refused those asked by the appellants as follows:

"1. If jury believe from evidence that plaintiff is holder of certificate for value, and that the same was not presented for payment until the Empire Company had been paid in full, they must find for the defendants.

2. If jury believe from the evidence that the plaintiff is the holder of the certificate for value, nevertheless the plaintiff was required to use due diligence in demanding payment, and if jury believe from evidence that plaintiff did not demand payment until after the Empire Building Company had been paid in full, must find for the defendant.

3. If jury believe from evidence that plaintiff holds certificate in good faith and for value, nevertheless the plaintiff was required to use due diligence in collecting amount called for, and if they believe from evidence that by mistake certificates for too much money were issued by architect and that plaintiff did not demand payment until after contractors had been paid in full, and the loan in Peabody, Houghteling & Co.'s hands was exhausted on certificates previously presented, they must find for defendants."

To which refusal appellants excepted.

That the indorsement signed John R. Bowes, in fact for or as the act of the appellants, was a bill of exchange on Peabody, Houghteling & Co., payable at sight, the sum being adopted from the face of the instrument, is a position which is in accord with such authority as there is applicable to the subject.   Story on Bills, Sec. 33; Leonard v. Mason, 1 Wend. 522.

"Every indorsement of a bill may be considered as a new bill, drawn by the indorser on the acceptor in favor of the payee." (Payee under the indorsement must be understood.)   Van Staphorst v. Pearce, 4 Mass. 258; same point in Heylyn v. Adamson, 2 Burr. 669.

Now the reason of that doctrine is, not that the face of the paper is a bill of exchange, but that the indorsement is a direction, or an order, to the drawee to pay the amount—the sum of money—expressed in the bill, to the person, or his order, who may be named in the indorsement. The same reason applies if that direction or order applies to the sum expressed on the other side of any paper; provided it is clear that sum is adopted in the direction or order.

And it is only because the indorsement by the appellants is a bill of exchange that the second indorser of the paper can sue the first indorser.

If it were not a bill of exchange the law merchant would not apply to it, and being not a promise or agreement to pay, or an acknowledgment of indebtedness, the statute does not. Peoria & O. R. R. v. Neill, 16 Ill. 269; Clifford v. Keating, 2 Scam. 250.

And to charge the appellants as drawers, the bill must have been presented for payment, and notice of non-payment given according to the law merchant, which we need not repeat. Montelius v. Charles, 76 Ill. 303.

But holding as we do that the instrument is a bill of exchange, the point that the appellants are discharged was not made below, where perhaps it might have been answered by evidence; nor is the point made in this court. People v. Hanson, 150 Ill. 122.

The judgment is affirmed.

MR. JUSTICE GARY ON REHEARING.

We did not treat the appellants fairly in the original opinion. The instructions refused, there copied, do raise questions on diligence and delay; but as it was clear that the discovery that the indorsement by the appellants was a bill of exchange was our own, we held that the point of discharge of the drawer of such a bill, by negligence of the holder, was not made on the trial, where nobody thought of a bill of exchange.

This is equivalent to holding that if a party takes a right position, but does not sustain it by assigning the right reason

for his position, then his position is bad, which holding allows no margin for the superior wisdom of the court to work upon.

That our form of argument was not in the brief of the appellants is unimportant. Yager v. Palmer, 86 Ill. 597, 601.

This point is omitted in the syllabus of that case.

We ought at first to have reversed the judgment and remanded the cause, and therefore do it now.

Reversed and remanded.

SHEPARD J., dissents.