## Edwin J. Bowes, Jr., and John R. Bowes, doing business as Edwin J. Bowes, Jr., & Bros., v. The Industrial Bank of Chicago.

1. BILL OF EXCHANGE—*What is.*—An instrument in the following language—

CHICAGO, June 17, 1892.

To E. J. Bowes, Jr., & Bros.:

This is to certify that Empire Building Co., contractor for the entire work of your building No. —, Fulton street, is entitled to a payment of five hundred dollars.

| | | | |
|---|---|---|---|
| Contract, | | $7,850, by the terms of the contract. | |
| | Previous issues, | $6,325 | |
| | Present issue, | 500 | $6,925 |
| | | | |
| | Balance, | $925 | |

WILSON & MARBLE,<br>By A. H. DODD—

is a bill of exchange.

2. SAME—*When to be Presented for Payment.*—A bill of exchange must be presented to the drawee, at the farthest, on the next business day after its reception, if the receiver is within reach of the person upon whom it is drawn.

3. SAME—*Notice when Acceptance or Payment is Refused.*—When the acceptance or payment of a bill of exchange is refused, notice must be given to the drawer by the next business day, if he be within reach, or he will be discharged.

4. SAME—*When the Drawer is Entitled to Notice.*—Although the drawer has no funds to his credit, yet, if he has reasonable grounds to expect that the bill would be honored, he is entitled to notice.

5. SAME—*Duty of the Endorsee.*—It is the duty of the indorsee to be diligent in presenting the bill for payment, and also in giving notice of non-payment; the liability of the drawer is contingent upon due presentation and notice of non-payment.

6.   SAME—*Application of the Rule in this State.*—The court does not regard the rule in this State as to presentation, notice of non-payment, and consequent damage in the case of bank checks, as applicable to such a bill of exchange as is given in the first note of this syllabus.

**Assumpsit,** on a bill of exchange. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding.    Heard in this court at the March term, 1896. Reversed and judgment entered in this court.   Opinion filed May 14, 1896.

WOOLFOLK & BROWNING, attorneys for appellants.

JONES & STRONG, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The action in this case was based upon the following instrument :

" $500.                                    No. 4,794.
                                   CHICAGO, June 17, 1892.
To E. J. Bowes, Jr., & Bros. :

This is to certify that Empire Building Co., contractor for the entire work of your building, No. — Fulton street, is entitled to a payment of five hundred dollars.

Contract.   $7,850, by the terms of the contract.
Extra work.                                   Remarks.
Deductions.
Total.

| | Previous issues, | $6,325 |
| | Present issue, | 500 |
| | Total, | $6,925 |
| | Balance, | $925 |

                                   WILSON & MARBLE,
(Indorsed :)                            By A. H. Dodd.
Peabody, Houghteling & Co.

    Pay to the order of Empire Building Co.
                                   JOHN R. BOWES.

    Pay to the order of Industrial Bank.
                           EMPIRE BUILDING CO.,
                           G. C. McArthur, Treas."

The signatures to, and the making of the order, and the indorsements, are admitted.

In Barnes v. Industrial Bank of Chicago, 58 Ill. App. 498, we held this to be a bill of exchange.

Appellants, in 1892, were erecting a certain building on their Fulton street property, at the contract price of $7,850.

The Empire Building Company was the contractor, Wilson & Marble were the architects, with A. H. Dodd, their superintendent.

Messrs. Peabody, Houghteling & Co. had made a building loan on the property. The course pursued by the parties was for Wilson & Marble to issue certificates from time to time to the Empire Building Company, that the company was entitled to so much money on account. These were indorsed by appellants to Peabody, Houghteling & Co., "Pay to the order of," and then taken to Peabody & Co., where they were paid.

On June 17, 1892, the certificate sued on, No. 4,794, calling for $500, was issued by Dodd, superintendent, and indorsed by Bowes, and taken to Peabody's for payment. Peabody & Company's cashier was out; a clerk in their office said, " the certificate is all right." The agent of the Empire Building Company did not wait for the return of the " cashier," but sold the paper to appellee. Appellee, during the last week in June, sent Frank Goerke, an employe, twice to Peabody's, and each time was told they were not ready to pay. Appellants were not notified of such failure to pay.

John G. Schaar, cashier for appellee, about a month after this date, June 17, 1892, presented this paper to Peabody, Houghteling & Co., and was referred to the man in charge of loans, who stated that he did not know anything about it, but that he should come in again in a week or fourteen days; that he called in about fourteen days, and was told by the same person, in the same office, that they, Peabody, Houghteling & Co., had no reason to pay this money on the certificate, because they had paid out all the money they had, and would not acknowledge this for payment until

Bowes put in additional money. He also states that the first time he presented the paper for payment they neither gave any reason for non-payment nor any refusal.

The assistant cashier for appellee, Henriques, handed the bill to Schaar, the cashier, for presentation on the 12th or 15th of July, and it was returned unpaid; after it was returned by Schaar the second time, Henriques himself presented it to Peabody, Houghteling & Co. for payment on the 3d or 4th of August, and they referred him to Bowes Bros., saying they did not have sufficient funds to meet it. Henriques then went to see appellants themselves.

On August 3d or 4th the certificate was for the last time presented, and payment refused, and then for the first time, appellants were notified that the certificate had not been paid, and payment was demanded of them.

In the meantime, after the certificate sued on had been issued, two other certificates were issued for $210 and $700, respectively, and presented and paid promptly, which exhausted the funds and the amount of the contract, and caused an overpayment of $385.

All parties lived in Chicago, and were well known business men, with down-town offices. Appellants in the case at bar offered to prove :

1st. That the contractors were already overpaid, and that no extras were claimed by, or allowed to, the contractors.

2d. That the Empire Building Company had failed and gone out of business prior to November 3, 1892, when appellants were first notified.

3d. That a mistake was made in the architect's office, whereby certificates were issued for $885 too much, and that at the time the certificate in question was called to appellant's attention $385 had already been overpaid, and for that reason appellants declined to pay the certificate.

4th. That neither appellants nor their architect knew anything of the mistake in the issue of these certificates, until after August 3, 1892 (when they looked the matter up), and that John R. Bowes knew nothing of the state of

the accounts when he indorsed the certificate in question, but relied on the architect.

The court below refused to admit any of this proof.

It appears that when this draft was made, the drawers, appellants, had in the hands of the drawee $525. The draft was given for value, and was purchased by appellee for value.

After it was given, and after it had been purchased by appellee, appellants made other drafts on the drawee to the amount of $910; thus appellants afterward overdrew their account to the amount of $385.

A bill of exchange must be presented to the drawee at the farthest on the next business day after its reception, if the receiver is within reach of the person upon whom it is drawn. Strong et al. v. King, 35 Ill. 9; McDonald v. Mosher, 23 Ill. App. 206; Continental Bank v. Cornhauser & Co., 37 Ill. App. 475–480; Bickford v. First National Bank, 42 Ill. 238.

When acceptance or payment of a bill is refused, notice must be given to the drawer by the next business day, if he be within reach, or he will be discharged.    Parsons on Notes and Bills, Vol. 1, p. 513; Am. & Eng. Ency. of Law, Vol. 2, p. 407; Walker v. Rogers, 40 Ill. 278; Ogden v. Saunders, 12 Wheaton 213; Weber v. Mathews, 101 Mass. 481.

In the present case the question is, if there was a sufficient excuse for the delay in giving notice.    Although there were no funds to the credit of the drawer, yet if he had reasonable ground to expect that the bill would be honored, he is entitled to notice.    Parsons on Notes and Bills, Second Ed., Vol. 1, 535; French v. Bank of Columbia, 4 Cranch 141.

Appellant not only had authority to draw, but had funds in the hands of the drawee.    The person to whom the draft was given, The Empire Building Co., does not bring this suit, nor does it appear that it could recover anything upon this draft.    The issue is between an indorsee, whose duty it was to be diligent in presenting the draft for payment, and also in giving notice of non-payment, and the drawer, who was entitled to such notice and did not receive it.

The liability of the drawer is contingent upon due presentation and due notice of non-payment.

The trial court inadvertently failed to follow the holding of this court when the cause was, upon a former hearing, remanded. Bowes v. Industrial Bank of Chicago, 58 Ill. App. 498–503.

As to which the case of Oldershaw v. Knoles, 6 Ill. App. 325, is applicable.

We do not regard the rule in this State as to presentation, notice or non-payment, and consequent damage in the case of bank checks, as applicable to such a bill of exchange as was the instrument upon which this writ is based.

The judgment of the Superior Court for the plaintiff is reversed, and a judgment for the appellee will be entered upon a finding of facts.

Reversed, and judgment with finding of facts.