Knefel v. Flanner.

66  209
166s 147

## Paul F. Knefel and Urban P. Gallagher v. George C. Flanner and Andrew J. J. Miller.

1. BILL OF EXCHANGE—*What is.*—The following instrument—

"CHICAGO HEIGHTS, ILL., March, 1893.

*Mr. Thomas Hulse, Chicago Heights:*

In account with G. C. Flanner, lumber:

| | | |
|---|---:|---:|
| To Bill rendered. | $520 67 | |
| 2/4 To 680 lbs. Lime 3, 4 bbls. 65c................ | 2 21 | |
| /6 To 14 Bu. Hair 22c........................... | 3 08 | |
| /8 " 5 Bbls. Lime, 65c....................... | 3 25 | 529 21 |

CREDITS.

| | | |
|---|---|---|
| 9 By 309 Sacks returned, 10c................. | 30 90 | |
| 24 " 538 "       "       " ............... | 53 80 | 84 70 |
| | | $ 444 51 |
| Cr. By 2 Crs. sand @ 10.00..................... | | 20 00 |
| Balance on about........................ | | $ 424 51 |
| " 2 M. Brick, @ 9.00..................... | | 18 00 |
| | | $ 406 51 |
| Lumber Bill | | 27 00 |
| | | $ 3,106 51 |

Paul F. Knefel & Co..

Please pay Flanner & Miller the above bill, and oblige

THOMAS HULSE " --

is held to be a bill of exchange.

2. SAME—*A Conditional Acceptance.*—The following indorsement—
" This amount of $3,106.51 to be paid to Flanner & Miller out of the first money received by us of the $8,000 still due Hulse from The Detroit Realty Company or money in our possession.   Paul F. Knefel & Co."—upon the foregoing bill of exchange, is a conditional acceptance.

3. WRITTEN INSTRUMENTS—*Interpretation of.*—The meaning of a written instrument is to be ascertained from its words, read in light of surrounding circumstances.

**Assumpsit,** upon an account due, etc. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

LEVI SPRAGUE, attorney for appellants.

WILLIAM VOCKE and JOHN J. HEALY, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Although there was a great deal of conflicting testimony at the Circuit, we shall affirm this judgment upon facts undisputed.

The Realty Improvement Company and Thomas Hulse made a contract by which he undertook to build some houses for the company, and the appellants were sureties upon a bond by Hulse, that he would perform his contract.

As part of the arrangements, checks by the company were to be made payable to Hulse and the appellants jointly. For indebtedness for materials for the houses, this instrument took the form here presented:

"Chicago Heights, Ill., March, 1893.

Mr. Thomas Hulse, Chicago Heights,

In account with G. C. Flanner, lumber:

| | | |
|---|---:|---:|
| To bill rendered........................$520.67 | | |
| 2—4 To 680 lbs. Lime, 3, 4 Bbls 65 c... | 2.21 | |
| —6 To 14 Bu. Hair 22 c.,........... | 3.08 | |
| —8 " 5 Bbls. Lime 65 c.,............. | 3.25 | 529.21 |

Credits.

| | | |
|---|---:|---:|
| —9 By 309 sacks returned, 10 c...... | 30.90 | |
| 24— "      "      "      " c...... | 53.80 | 84.70 |
| | | $444.51 |
| Cr. by 2 Crs. sand at 10.00.......... | | 20.00 |
| Balance on about............... | | 424.51 |
| By 2 M. brick, at 9.00............. | | 18.00 |
| | | $406.51 |
| Lumber bill....................... | | 2,700.09 |
| | | $3,106.51 |

Paul F. Knefel & Co.:

Please pay Flanner & Miller the above bill, and oblige,

Thomas Hulse.

This amount of $3,106.51 to be paid to Flanner & Miller out of the first money received by us for the $8,000 still due Hulse from the Detroit Realty Company or money in our possession.

Paul F. Knefel & Co. "

The signature by Hulse made what preceded it a bill of exchange, and what the appellant signed was a conditional acceptance.   Bowers v. Industrial Bank, 64 Ill. App. 300; 1 Dan. Neg. Inst., Sec. 508.

March 10, 1893, the appellants paid to the appellees $1,200

as an advance upon the "order" before receiving the money from the company. Though in the acceptance the company is called the Detroit Realty Company, its real name seems to be the Realty Improvement Company, with its home office in Detroit.

March 13th or 14th, Hulse brought to the appellants a check from the company for $4,500 payable to himself and the appellants jointly, and the appellants took it with his indorsement upon it, indorsed it themselves, and put it in bank to the credit of a building company, and paid Hulse with money of the building company $3,300, retaining $1,200 before advanced to the appellees.

Now when appellants accepted, they meant something by what they wrote. The meaning of a written instrument is to be ascertained from its words, read in the light of the surrounding circumstances. Thomas v. Wiggins, 41 Ill. 470, and cases there cited.

Money to pay for the houses was coming in checks which could be used only by an indorsement by the appellants, and it was with reference to such money that the acceptance was given. Any controversy which the appellants had with Hulse did not concern the appellees. The appellees were entitled to recover, and the judgment is affirmed.