### Jessie B. Kimmel v. Joseph A. Weil.

1. PROMISSORY NOTES—*Rights and Liabilities under the Act of 1895—Law Merchant.*—The act of 1895 in relation to negotiable instruments (Laws 1895, 262) adopts the law merchant as to the rights and liabilities of parties to promissory notes payable in money. By that law the indorser is entitled to the presentment of the note to the maker, demand for payment and notice of dishonor.

2. SAME—*Indorsements After Maturity, by the Law Merchant.*—By the rule of the law merchant an indorsement after maturity amounts to an order to pay on demand, and notes so indorsed must be presented within a reasonable time after maturity in order to bind the indorser. Notice of dishonor must follow.

3. SAME—*Insolvency, by the Law Merchant—Notice of Dishonor.*— By the law merchant, the fact that the makers were insolvent all the time and the indorser knew it, does not waive presentment for payment and notice of dishonor.

4. SAME—*Indorser's Contract Not to be Varied by Parol.*—The signature of a party on the back of a promissory note, transferred by him to another, is a contract in writing to the effect that if the holder pre-

sents it to the maker for payment and payment is refused, that upon receiving due notice of such fact he will indemnify the holder, and parol evidence is not admissible to contradict or vary such contract.

5. Negotiable Instruments—*The Rule of the Common Law Changed.*—By the common law, in actions upon negotiable instruments there must be a recovery against all or none of the defendants, unless some one of them shows a defense personal to himself, not affecting the original joint liability of the parties.

6. Practice—*Severance of Parties, under the Act of 1895.*—Where a suit is brought under the act of 1895 against parties severally liable upon a promissory note for the payment of money, and a part of the defendants are defaulted, judgment may at once be entered against them, the action severed, and thereafter proceed to trial against the other defendants in the same manner as if it has been originally commenced against them only, and at the conclusion of the trial the plaintiff may have another judgment against any other defendant found liable upon such trial.

7. Same—*Implied Severance of the Suit when Authorized by the Act of 1895.*—The act of 1895 impliedly authorizes the severance of the suit, whenever the issues between the plaintiff and part of the defendants have been determined by a just verdict, while the issues between the plaintiff and the other defendants not liable jointly with the defendants first mentioned have reached an unjust verdict which ought to be set aside.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Peoria County; the Hon. Thomas M. Shaw, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 11, 1901.

Philip E. Mann and C. A. Kimmel, attorneys for appellant.

Joseph A. Weil, attorney *pro se.*

Mr. Justice Dibell delivered the opinion of the court.

Jessie B. Kimmel sued Joseph A. Weil, R. F. Nedrow and Ida Nedrow before a justice of the peace, and recovered a judgment against all the defendants, no defense being interposed. On an appeal to the Circuit Court the cause was there tried by a jury, and a verdict was rendered in favor of the plaintiff against the Nedrows, assessing damages at $175, and finding the issues in favor of Weil. Plaintiff moved for a new trial. One point assigned in support of the motion was that as against the Nedrows, under the evi-

dence, the damages awarded were insufficient. The court sustained this point and gave plaintiff a new trial against the Nedrows. The court overruled the motion as to Weil and entered judgment that as to Weil plaintiff take nothing by her suit and that Weil go without day. From that judgment, plaintiff prosecutes this appeal.

Under date of September 18, 1895, the Nedrows executed three promissory notes, each for $166.66, due in one, two and three years, respectively, after date, with interest at six per cent per annum, payable semi-annually, each payable to Weil, and secured the same by a real estate mortgage, which was duly recorded. Plaintiff, through an agent, bought these notes of Weil on February 6, 1897, after the first note was due, and paid him $400 therefor, and Weil indorsed the notes in blank and delivered them to said agent, and delivered to him the mortgage unassigned. The notes were given after the act of 1895 relating to negotiable instruments went into force. Plaintiff proceeded in this suit upon two inconsistent theories. The Nedrows were sued upon the first only of said notes, and only as makers thereof. As to Weil, plaintiff claimed and insisted in her efforts to prove that there was fraud in the sale of the three notes to plaintiff, which entitled her to rescind the sale and recover the consideration paid, and her counsel stated to the court that during the trial he would tender back the three notes to Weil; and at the same time he claimed the right to hold Weil as the indorser of the first note. The trial judge repeatedly and very patiently pointed out to counsel the inconsistency of these positions, but he insisted on his right to pursue this course, not only during the presentation of evidence but also in the instructions offered. It is manifest plaintiff could not tender the notes to Weil and treat the sale of them to plaintiff as rescinded, and at the same time recover upon one of them against the makers, as if plaintiff were the legal owner of that note. Neither could she hold Weil upon his contract of indorsement, and at the same time tender him the notes and treat their sale to her as rescinded. If plaintiff recovered at all

against Weil on this latter theory, the verdict must have been at least $400, with perhaps interest thereon. This exceeded the jurisdiction of the justice before whom the suit was begun, and therefore exceeded the jurisdiction of the Circuit Court on appeal. The court properly refused to admit evidence tending to show a right to rescind.

Plaintiff, however, also insisted on holding Weil as indorser of the note first maturing, and was entitled to the admission of all proof competent for that purpose. The act of 1895 adopts the law merchant as to the rights and liabilities of parties to promissory notes payable in money. By the law merchant Weil was entitled to due presentment of the note to the makers and demand for payment, and due notice of dishonor. It does not appear plaintiff ever presented the note to the makers, but her agent wrote them a letter, and Mr. Nedrow thereafter called on said agent and the latter told him he wanted the money on the note. There was no proof of presentation to and demand upon Mrs. Nedrow. It was not shown plaintiff gave Weil notice of the non-payment of the note, but plaintiff sought to establish various excuses for not complying with the law. One excuse was that by selling the first note after it was due Weil waived demand of payment and notice of dishonor. The rule of the law merchant, however, is that an indorsement after maturity amounts to an order to pay on demand, and that paper indorsed after maturity must be presented within a reasonable time thereafter to bind the indorser after maturity. (Bigelow on Bills, Notes and Cheques, 2d Ed., 115, 116.) Notice of the dishonor must follow. Plaintiff also claimed the makers' insolvency, which she sought to prove, excused demand and notice. By the law merchant the fact that the makers were insolvent all the time and that the indorser knew it, does not waive presentment and notice of dishonor. (Bigelow 175, 178.) Plaintiff sought to prove the value of the mortgage security, in order to excuse demand and notice. Where the indorser has a fund in his hands entirely sufficient to indemnify him if he is compelled to pay, presentment for payment and notice of dishonor are unnecessary. (Bigelow, 170.) But

in the transaction between Weil and plaintiff's agent, Weil
sold and delivered to plaintiff's agent not only the notes but
the mortgage as well, and the mortgage ever after remained
in plaintiff's possession.    Though it was not formally
assigned, plaintiff had an equitable right to enforce that
security, and even to use Weil's name for that purpose, if
necessary.    (Herring v. Woodhull, 29 Ill. 92; Pardee v.
Lindley, 31 Ill. 174; 1 Jones on Mortgages, Sec. 817.)    As
Weil did not have the mortgage he could not enforce it,
and it was not an available indemnity in his hands, so as to
excuse demand of the makers and notice of dishonor.
Plaintiff claims she offered to prove the Nedrows paid this
first note to Weil before he sold it to plaintiff, but we find
no such offer in the record.    Plaintiff sought to prove what
was said by Weil when he sold the notes to plaintiff's
agent, claiming it would thereby appear Weil guaranteed
payment and waived presentation for payment and notice
of dishonor.    By the law merchant the signature of the
holder on the back of a note sold and delivered by him to
another is a contract in writing to this effect:    "I hereby
assign this note to bearer.    I hereby undertake that if the
bearer duly presents this note and it is not honored, I,
on receiving due notice, will indemnify him."    Parol evi-
dence is not admissible to contradict or vary this contract
which the law writes over the blank indorsement.    (Benja-
min's Chalmer's Bills, Notes and Checks, Art. 56.)    In this
respect our statute of 1895 does not change the rule which
has so long prevailed in this State.    (Johnson v. Glover,
121 Ill. 283.)    There being no proof justifying a verdict
against Weil the court properly directed a verdict in his
favor.

At common law defendants could not have been joined
in one action, as their supposed liability is based upon dif-
ferent contracts, the Nedrows as makers and Weil as in-
dorser.    This joint action is authorized only by section two
of the act of 1895, which is in part as follows:    "Persons
severally liable upon bills of exchange or promissory notes
payable in money, may all or any of them severally be in-
cluded in the same suit at the option of the plaintiff."    The

rule. of the common law is that in actions *ex contractu*
there must be a recovery against all or none of those
declared against, unless some defendant has shown a
defense personal to himself not affecting the original joint
liability. In actions brought by virtue of the section just
quoted this rule must undoubtedly yield to the necessities
created by that section. The maker, the indorser and the
guarantor of a promissory note may now be joined in one
action. The declaration in such a case will not charge a
joint liability, and no such liability need be proved. The
result may exonerate one defendant and hold another liable.
The act impliedly authorizes such a verdict and judgment
as the facts pleaded and proven may require. A further
rule of the common law is that in actions at law there can
be but one judgment on the merits. There must be final
judgment on the merits as to all the parties at the same
time. Section three of the act of 1895 (Laws 1895, 262),
under consideration, authorizes one departure from this rule.
It reads as follows:

"In any suit mentioned in the preceding section a
separate judgment may be entered by default against any
defendant or defendants severally liable who have been
served with summons, and against whom the plaintiff
would have been entitled to judgment had the suit been
against such defendant or defendants only. The suit shall
thereby be severed, and shall proceed to trial against the
other party or parties in the same manner as if it had been
commenced against such other party or parties only, and
if the plaintiff recover, judgment shall be entered against
such one or more of the defendants as are found liable
to him, but in no event shall the plaintiff be entitled to
more than one satisfaction."

The effect of this is that if suit be brought under section
two of that act against parties severally liable upon a bill
of exchange or a promissory note payable in money, and
part of the defendants are defaulted, judgment may be at
once entered against them, and the suit shall thereby be
severed, and shall thereafter proceed to trial against the
other defendants in the same manner as if it had been com-
menced only against said remaining defendants, and at the
conclusion of such trial plaintiff may have another judgment

in said cause against any other defendant or defendants found liable upon such trial.

The record before us does not bring this cause within the case expressly provided for by said section three. No judgment by default had been entered against any defendant. Yet by granting the plaintiff a new trial as against the Nedrows, but entering judgment in favor of Weil upon the verdict, the court below severed the cause. Such severance was not warranted by any express provision of the act of 1895. The doubtful question is whether it was justified by the general scope, purpose and effect of that act. It permits a single suit against several persons not jointly liable. The declaration, where the suit is in a court of record, must state separately the special grounds of liability against each defendant. Each defendant may have occasion to file entirely different pleas from any other. Any one of them may establish a defense that does not relieve the others. The person sued as maker may prove his supposed signature a forgery, and yet the indorser and guarantor may be liable to plaintiff because of the conclusive admission the law holds them to have made, that the prior signatures were genuine. Suppose in such a case there should be a verdict for the maker, but the sum awarded against indorser and guarantor should be less than the amount due on the note. The plaintiff would be entitled to a new trial against the indorser and guarantor. Why should the maker also be compelled to incur the expense of another trial, if it is clear the verdict in his favor is right and no error has intervened as between him and the plaintiff? The verdict in his favor is complete of itself and is independent of the verdict against the indorser and guarantor. By authorizing a single suit against persons severally liable, the law-making power has established an entirely new procedure, in which a case may arise where a verdict may be rendered which is just and proper as between the parties to the issue determined in that verdict, while another and independent verdict on other issues between the plaintiff and other defendants rendered at the same time and in the same case, may be erroneous. The

reasoning by which it has been determined that in an ordinary action of assumpsit against several defendants alleged to be jointly liable, if a new trial is awarded at all, it must be as to all the defendants, and that the verdict and judgment must be against all or none of the defendants, and that the judgment must be a unit, does not apply to a suit brought under this act against parties severally and not jointly liable. The legal maxim, " the reason ceasing, the law itself ceases," or, as Bouvier has it, " the reason of the law being changed, the law is also changed," is pertinent here.

Weil has succeeded in a trial of the issues between him and plaintiff. No reversible error occurred in that trial. That verdict met the approval of the trial court, and meets our approval. If the verdict against the Nedrows had been for the full amount due on the note, judgment would have properly followed against them for the amount found against them, and for Weil in bar of his alleged liability as indorser. The jury did not award as large a sum against the Nedrows as was due from them on the note. This was probably owing to plaintiff's failure to prove a computation of the amount due. Because of this defect it was necessary the trial court should give plaintiff a new trial against the Nedrows. A retrial of the cause between plaintiff and the Nedrows will not involve any of the issues between plaintiff and Weil already tried and correctly determined. Should Weil be deprived of the benefit of his verdict merely because of this error wholly between other parties on other issues ? He is not a necessary party to another trial between plaintiff and the Nedrows. Plaintiff is not harmed by giving Weil a judgment on his verdict. We think it most in harmony with the spirit of the act of 1895 to hold that it impliedly authorizes a severance of the suit whenever the case reaches a situation where the issues between plaintiff and part of the defendants have been determined by a just verdict, and the issues between plaintiff and other defendants, not liable jointly with the defendants first named, have reached an unjust verdict which must be set aside.

It is argued the court below erred in rendering a judgment in favor of Weil and against plaintiff for all the costs of the suit. The bill of exceptions recites that as to Weil the court " entered judgment in bar and for costs against plaintiff;" but the judgment in the record does not mention costs and does not award costs to Weil nor execution therefor. The bill of exceptions prevails over the clerk's record in all matters properly embodied in a bill of exceptions; but it is not the province of such bill to set out the judgment. What is certified therein is not the judgment, and no execution could issue upon it. Moreover, the recital in the bill of exceptions is not that all the costs of the whole proceeding were adjudged against plaintiff. It is reciting the judgment in favor of Weil, and can only be assumed to refer to the costs made by Weil, and to such a judgment Weil was entitled. And further, the bill of exceptions recites an exception to the denial of a new trial as to Weil, but does not contain an exception to the supposed judgment for costs.

The judgment is affirmed.