## Morehouse & Wells Company, et al. v. M. C. Schwaber, for use, etc.

### Gen. No. 11,702.

1. NEGOTIABLE INSTRUMENT—*limit of change affected by amendment of 1895, permittting joinder of persons severally liable in single action.* This amendment to the Negotiable Instrument Act did not as to actions upon negotiable instruments change the rule that where a verdict in an action *ex contractu* is erroneous as to one defendant it is erroneous and must be reversed as to all.

2. NOTICE OF DISHONOR—*essential to fasten liability.* Where a bill of exchange has been presented for acceptance or for payment, and acceptance or payment has been refused, the holder, in order to bind the drawer, must give him notice of dishonor.

3. BILL OF EXCEPTIONS—*when, purports to contain all the evidence.* A bill of exceptions which contains a recital as follows, "The foregoing was all the evidence introduced on the trial of this cause," sufficiently purports to contain all the evidence received upon the trial of the case and will authorize a review.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1904. Reversed and remanded. Opinion filed January 23, 1905.

ARNOTT STUBBLEFIELD, for appellants.

CANDLISH, FLETCHER & HAMBLEN, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellee, for the use of Bradner Smith & Co., sued appellants in assumpsit. The declaration consisted of the common counts, and a special count which set up that on the day of its date the Misses Hoffman and Celeste A. Hoffman made and delivered to appellee the following written instrument:

"CHICAGO, ILL., Oct. 5, 1903.
MOREHOUSE & WELLS Co., Decatur, Ill.

GENTLEMEN: Please pay to the order of M. C. Schwaber or to himself, the sum of Five hundred and Six dollars and

85–100 cents ($506 and 85–100) and charge the same to my account, to be deducted from sum due from you to myself.

THE MISSES HOFFMAN,

CELESTE A. HOFFMAN."

(Endorsed) " Pay to Bradner Smith & Co."

That appellee presented this paper to said Morehouse & Wells Co., a corporation, October 9, 1903, and demanded payment, but it refused to pay the same, etc.   Each of the appellants filed a plea of the general issue and a special plea of fraud in the obtaining of said instrument.

The jury found the issues for appellee, and assessed his damages against appellants at the sum of $506.35.   Judgment was entered upon the verdict, from which this appeal was perfected.

The amendment of 1895 (R. S. 1895, ch. 98, secs. 7a to 7d, inclusive,) permits the holder of a bill of exchange at his option to include all persons severally liable thereon in the same suit, and if the plaintiff recover, judgment shall be entered against such one or more of the defendants as is or are found liable to him.   It will be seen that this Act changes the customary rules of practice by suffering the drawer and the drawee of a bill of exchange to be joined as defendants in the same action; and also permits judgment to go against one or more of two or more defendants in an action *ex contractu;* but the Act does not change the rule forbidding a verdict to go against a defendant without proof of his liability.   If that happen, the verdict being erroneous as to him, is also erroneous as to his co-defendants, no matter how strongly the testimony may tend to sustain the verdict as to them.

The evidence presented by the defendants (here appellants) of fraud in the obtaining of this instrument, is not of such a character as presents a defense to this action; and it was, therefore, properly excluded by the court.

There is no evidence remaining in this record which justifies a recovery against either of the defendants upon the common counts.

The instrument sued upon, and put in evidence, in effect

is an inland bill of exchange. There is neither averment nor evidence that Morehouse & Wells Co. was a banker; nor is there any evidence of an acceptance of this paper by it; nor is it averred or proven that, at the time of demand it had sufficient funds or any funds in its hands belonging to the drawers out of which it could have paid the sum named in this paper. Morehouse & Wells Co., not being a banker, could refuse to accept this paper, even if it then had sufficient funds of the drawers to meet the same, without thereby rendering itself liable to an action based thereon. Hence the verdict against that corporation is erroneous. The case of Industrial Bank v. Bowes, 165 Ill. 70, is not here in point. There, Peabody, Houghteling & Co., because of the circumstances shown, was held to be a bank *pro hac vice*. We do not regard the decision as supporting the contention that this written instrument amounted to an assignment of an equal sum of the funds of the drawers then in the hands of Morehouse & Wells Co.

There is no evidence in the record tending to prove that appellee at any time gave to the drawers of this paper notice of its dishonor. Where a bill of exchange has been presented for acceptance or for payment, and acceptance or payment has been refused, the holder, in order ·to bind the drawer, must give him notice of dishonor. Walker v. Rogers, 40 Ill. 278. It follows that the verdict against appellant Celeste A. Hoffman is not sustained by the evidence.

It is contended that the certificate of the trial judge does not show that the bill of exceptions contains all the evidence. In this, counsel for appellee is mistaken. On page 30 of the record, being a part of the bill of exceptions, it is stated: "The foregoing was all the evidence introduced on the trial of this cause." This statement was clearly within the certificate of the trial judge.

The assignments of errors are joint and separate, and therefore each appellant has the benefit of them.

For the foregoing errors the judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*