have heard it and found the facts the same way, and there is evidence tending to sustain the findings, the judgment will not be reversed on the facts.

2. DAMAGES, § 244*—*when answer to improper question harmless.* In an action for personal injuries, where plaintiff was asked by her counsel if she was a married woman and had a family, and she answered that she had, before an objection could be interposed, and the answer was stricken out, *held* that though the question and answer were erroneous, their effect was not prejudicial in view of the small amount of the verdict.

3. DAMAGES, § 244*—*when conduct of plaintiff and remarks of counsel not reversible error.* In an action for personal injuries, where plaintiff during the closing arguments of her counsel burst out into a loud fit of crying and was guilty of other conduct tending to arouse the prejudice and passions of the jury, and counsel thereupon stated to the jury, "When that woman's soul dissolves in tears you know that she is telling the truth," which remark was objected to, and the court remarked, "Keep within the evidence," *held* that the conduct of plaintiff and the remarks of counsel did not, under the circumstances, constitute reversible error, as the size of the verdict did not indicate the jury were influenced thereby.

---

## Hattie F. Kaufman, Appellant, v. Adam Helmick and Howard Helmick, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of DeWitt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914.

## Statement of the Case.

Action by Hattie F. Kaufman, Adam Helmick and Howard Helmick to recover on a promissory note purporting to have been executed by defendants, payable to the order of J. F. Newbanks for the principal sum of $825. The note was assigned by Newbanks to plaintiff. Defendants filed the plea of general issue, veri-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fied, and also a verified special plea averring that they did not make and deliver said note. A jury returned a verdict in favor of defendant. To reverse the judgment entered on the verdict, plaintiff appeals.

: The evidence tended to show that Newbanks had signed as surety several notes executed by defendant and one G. W. Helmick, and that on said notes becoming due Newbanks induced defendants to sign the note sued on, payable to his order, so that the same might be negotiated and the proceeds used in the payment on the other notes on which he was surety; that Newbanks took the blank note to defendant Howard Helmick and that Howard took the note to his father, Adam Helmick, and returned it with the latter's name signed thereto and then signed his own name thereto in the presence of Newbanks and delivered it to Newbanks. Plaintiff's evidence also shows that Newbanks took the note for the purpose of negotiating it to one Stone, who called up Adam Helmick and asked him if the note was genuine, and that the latter told him that it was. Stone then sold the note to plaintiff. There was other evidence tending to show that Adam Helmick asked for an extension of time when the note became due. The evidence of defendants tended to show that neither of them signed the note nor ratified their signatures.

Ingham & Ingham and W. F. Gray, for appellant.

John Fuller and Herrick & Herrick, for appellees.

Mr. Justice Eldredge delivered the opinion of the court.

### Abstract of the Decision.

Bills and notes, § 462*—*when instruction erroneous as ignoring the issue of ratification of the execution of note.* In an action on a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

promissory note, where the execution thereof was denied by defendants and there was evidence tending to show that defendants had ratified the execution by acknowledging the same and by receiving the benefits from the proceeds thereof, *held* that instructions given for defendants which ignored the issue of ratification were clearly erroneous.

---

## Kingan & Company, Ltd., Appellant, v. P. J. Breen, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by Kingan & Company Ltd., against P. J. Breen to recover an account of $116.57 and accrued interest.

From a judgment upon a verdict for defendant, plaintiff appeals.

STEWART W. KINCAID, for appellant.

DYAS & DYAS and O'HAIR & RHOADS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

PRINCIPAL AND AGENT, § 9*—*estoppel to deny authority to collect.* Where it appeared that defendant had been a regular customer, placing his orders through plaintiff's traveling salesman substan-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.