# Richard A. Smith, Appellee, v. Fred Grabbe et al., Appellants.

## Gen. No. 6,088.    (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 20, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Richard A. Smith, plaintiff, against Fred Grabbe and others, defendants, to recover on a promissory note made by defendants, and indorsed to plaintiff. From a judgment for plaintiff for $981.17 against four defendants, such defendants appeal.

It was agreed by counsel that the evidence shows that these eight men gave Thompson their three promissory notes, in form joint and several, for $600 each, due October 1, 1903, 1904 and 1905 respectively; that each of the eight men signed each of the three notes, and none of them signed any other note of that description; that soon after the notes were given, Thompson sold and assigned the two notes last maturing to plaintiff; that those two notes were paid, and there is no question about their genuineness; that afterwards Thompson sold and assigned to plaintiff what purported to be the other of said notes, which is the note sued on; that afterwards it became known to plaintiff and some of the makers of the notes that there were outstanding a dozen or more sets of skilfully forged duplicates of these three notes, and the makers refused to pay the note here in controversy, claiming it to be a forgery. But they have never paid the genuine note of this description.

On September 11, 1913, a few days before the Ten-Year Statute of Limitations would run on this note, this suit was brought and summons issued against seven only of the eight makers of the note (omitting Towner). Afterwards a declaration was filed describing the note in question except the omission of any mention of Towner, and counting on the joint liability of the seven defendants thereon. A true copy of the note, including the signature of Towner, was filed with the declaration as a copy of the instrument sued on. Griffith is a nonresident and was not served with summons. The other six defendants appeared, filed a plea

of the general issue, and affidavits of each of them denying his signature to the note. A jury was impaneled to try the issues so formed, but during the trial on motion of appellee, a juror was withdrawn and leave given to amend the declaration. (Plaintiff says here that this was done because he then believed that there was a variance between the note offered in evidence and the note described in the declaration.) An amendment to the declaration was filed more than ten years after the note was due, making Towner a codefendant, and describing the note as a joint note of the eight men instead of seven, and counting on the joint liability of the eight men. The pleas on file were allowed to stand to the amendments. No summons was issued for Towner, and, there still being no service on Griffith, the other six defendants are shown by the record proper to have filed a plea of the Ten-Year Statute of Limitations, and it is there shown that the plea was stricken from the files on motion of plaintiff and over the objection of the defendants. No such motion or objection appears in the bill of exceptions. There was a jury trial and a verdict against the eight defendants (including the two not served with summons or appearing) for $987.75. The court granted a new trial on motion of the six defendants appearing.

There was afterwards another jury trial, and a verdict against the six defendants appearing for $981.17. No witness testified to the genuineness of the signature of Grabbe and Radke, and after verdict plaintiff dismissed as to them, but did not amend his pleadings. The court overruled the four defendants' motions for a new trial and in arrest of judgment, and entered judgment against them for the amount named in the verdict.

COOKE, POPE & POPE, for appellants.

HEYDECKER & HEYDECKER and GEORGE W. FIELD, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 421*—*when evidence of adding of forged signatures immaterial.* Where it is admitted that certain persons signed one note and that they signed no other note, evidence of the adding of forged signatures by some of them to genuine signatures of others is immaterial.

2. BILLS AND NOTES, § 372*—*when joint course of action at common law must be proved as alleged.* At common law when a joint cause of action *ex contractu* on a note is alleged, it must be proven as alleged against all the defendants, unless a defense personal to some of them is interposed, or unless some of the obligors are dead, and a judgment in such a cause of action which was not so proven must be reversed unless a recovery in such case is made possible by some statute.

3. BILLS AND NOTES, § 372*—*when variance between pleadings and proof in action in which joint judgment entered.* In an action to recover on a promissory note where a joint judgment was entered against four of the makers of such note, it is immaterial that one of the defendants against whom plaintiff recovered is dead, where it appears that the other three against whom plaintiff recovered are alive at the time of the judgment, and it does not appear whether such deceased defendant was dead before the action was commenced.

4. BILLS AND NOTES, § 335*—*when all persons severally liable on notes may be joined in one suit.* Under the Negotiable Instruments Act (Hurd's Rev. St., ch. 98, secs. 7a, 7b, J. & A. ¶¶ 7625, 7626), providing that persons severally liable on promissory notes payable in money in certain cases may all or severally be joined in one suit, a plaintiff in an action to recover on such a note may allege the several liability on such note of as many parties as he may choose, and, on joining such parties in one suit, may on proper evidence recover a judgment against the parties joined.

5. BILLS AND NOTES, § 372*—*when proof of joint liability required where joint liability alleged.* The Negotiable Instruments Act (Hurd's Rev. St., ch. 98, secs. 7a, 7b, J. & A. ¶¶ 7625, 7626), providing for the joinder in one action in certain cases of parties severally liable on promissory notes, does not abrogate the rule of the common law requiring proof of a joint liability on such notes where such joint liability is alleged.

6. APPEAL AND ERROR, § 1802*—*when cause may be remanded to permit amendment of declaration.* Where at the time of the rever-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sal of a judgment the statute of limitations has run against the cause of action sued on, the Appellate Court will nevertheless remand the cause to permit amendment of the declaration where such declaration can be amended so as to state a cause of action, notwithstanding the fact that the contemplated amendment may render the declaration liable to a plea of the statute of limitations as stating a new cause of action, as the Appellate Court cannot know that such a plea would be interposed.

7. APPEAL AND ERROR, § 1802*—*when cause remanded to permit amendment of declaration without considering effect of such amendment.* Where a judgment is reversed because the declaration does not support the judgment, and the cause is remanded to permit an amendment of the declaration so as to state a cause of action, the Appellate Court will not consider whether the contemplated amendment will state a new cause of action and so render the declaration as amended liable to a plea of the statute of limitations where appellant's counsel in argument insists on such question, and where appellee asserts the contrary and further urges that the point was not preserved for review, and where neither party cites authority sustaining his contentions.