## Hattie F. Kaufman, Appellee, v. Adam Helmick, Appellant.

1. TRIAL, § 283*—*when special findings control.* Under section 79 of the Practice Act (J. & A. ¶ 8616), when the special findings of fact are inconsistent with the general verdict the special findings control.

2. TRIAL, § 246*—*when verdict erroneous as to one defendant must be set aside as to all defendants in action on negotiable instrument.* Section 7b of the Negotiable Instruments Act (J. & A. ¶ 7626), which only authorizes the severance of judgments as to defendants defaulted and a trial and judgment as to other defendants, and authorizes a judgment against defendants standing trial who are found liable, and a judgment in favor of such defendants as by the verdict are found not liable, does not, in actions on negotiable instruments, change the common-law rule that where a verdict in an action *ex contractu* is erroneous as to one defendant it must be set aside as to all defendants standing trial before a jury.

3. EVIDENCE, § 459*—*when admission of on former trial is error.* The admission of the evidence of a party given on a former trial is error where no foundation for the admission thereof, as disclosed by the record on appeal, was laid.

4. PRINCIPAL AND SURETY, § 70*—*what is extent of liability of principal on forged note where part of proceeds of new note is used to pay old note.* Where a note is paid by a surety with his own money the principal is not liable to the surety for the full amount of a larger note to which his name is forged, the extent of his liability being for the amount of money paid out by the surety for his benefit.

5. EVIDENCE, § 128*—*when as to amount of note is inadmissible.* A promissory note is the primary evidence of its contents and evidence of the amount of the note is inadmissible, if no reason is given for the failure to produce it.

6. ESTOPPEL, § 65*—*when supposed maker is estopped to deny signature to forged note.* If a broker acting for the seller of a note states to the maker the date and amount of a forged note he is offering for sale, and the maker, under a mistake of fact, the note not being shown to him, supposing the note inquired about is the one he in fact signed, and, proceeding on that false assumption, states that the note is his, he is estopped to deny that the signa-

---

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

Kaufman v. Helmick, 212 Ill. App. 10.

ture is his, but if such facts are not fully stated to him he is not bound by such statement.

7. ESTOPPEL, § 39*—*when person not estopped by act or declaration consistent with good faith.* An act or declaration consistent with good faith, the injurious effects of which could not be foreseen or anticipated by any ordinary forecast of mind, does not operate as an estoppel, although injury may result to a third party.

8. BILLS AND NOTES, § 421*—*when evidence as to facts connected with conversation between broker and purported maker of forged note is admissible.* In an action by the purchaser of a forged note, apparently signed by two persons, against the maker whose name was forged, it was proper for the defendant to show all the facts connected with a conversation by telephone with the broker of the seller relating to the genuineness of the note in suit, after having laid a proper foundation.

9. BILLS AND NOTES, § 460*—*when question for jury whether purported maker of forged note admitted genuineness of signature.* In an action on a note against the maker and a purported maker, whose name was forged by the other, where the evidence was conflicting, it was a question for the jury whether such purported maker stated, in the course of conversation over the telephone with the broker for the payee, whether the signature to the note sued on was his.

10. INSTRUCTIONS, § 118*—*when erroneous.* An instruction which has no basis in the evidence is erroneous.

11. TRIAL, § 133*—*when error to refer to financial condition of party in argument.* In an action against the purported maker of a promissory note, it is reversible error for counsel for plaintiff to refer in his argument to the business success and riches of defendant.

Appeal from the Circuit Court of DeWitt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 19, 1918. Rehearing denied and opinion modified and refiled July 2, 1918.

HERRICK & HERRICK, for appellant.

L. W. INGHAM and W. F. GRAY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On August 23, 1913, a judgment by confession for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$899.35 was entered in favor of Hattie F. Kaufman in the office of the clerk of the Circuit Court of DeWitt county on a promissory note, with a *cognovit* attached, purporting to have been executed by Adam Helmick and his son Howard Helmick on August 14, 1912, for $825, payable one year after date to the order of J. F. Newbanks with interest at 7 per cent and $15 attorney fees. The note was assigned by Newbanks to plaintiff. The defendants presented to one of the circuit judges a motion to stay all proceedings on the judgment and for leave to plead, and in support of the motion filed affidavits to the effect that neither of them had signed, authorized the signing nor ratified the affixing of their names to the purported note. An order was made allowing the motion. At the November term, plaintiff amended her declaration by adding the common counts to the count on the note. The defendants filed verified pleas of the general issue and that they did not make the note sued on. A trial before a jury resulted in a verdict and judgment for the defendants, which was reversed by this court for error in instructions. (*Kaufman v. Helmick*, 190 Ill. App. 487.) On a second trial, a jury returned a verdict, "We, the jury, find the issues for the plaintiff," and also answered special interrogatories submitted by the defendants finding (1) that Howard Helmick did not sign the note; (2) that Adam Helmick had ratified, as his signature, the name Adam Helmick signed to the note; and (3) that Howard Helmick had not ratified the name Howard Helmick signed to the note. A motion for a new trial was entered by the defendants, each defendant assigning numerous reasons for the motion. The court denied the motion of Adam Helmick for a new trial and rendered judgment that the judgment heretofore entered August 23, 1913, in favor of the plaintiff against the defendant Adam Helmick for $899.35, stand in full force as of the date of said judgment, and that plaintiff have execution therefor, and as to the defendant

Howard Helmick the court allowed the motion for a new trial. Both defendants excepted to the judgment and prayed separate appeals. The record does not show that any appeal bond was ever filed by either party defendant, but appellee has not raised any question over that fact, and the defendant Adam Helmick alone has assigned errors on the record.

The jury, by its answer to the second interrogatory, submitted to it by appellant, found that he "had ratified or adopted the name Adam Helmick" signed to the note. The jury, by its answers to the first and third interrogatives, found that Howard Helmick neither signed, adopted nor ratified the name Howard Helmick signed to the note. The special findings of the jury concerning the name Howard Helmick were contrary to the general verdict. The statute (section 79 of the Practice Act, J. & A. ¶ 8616) provides that when the special finding of fact is inconsistent with the general verdict the special finding shall control. The trial court had no alternative other than to grant a new trial as to Howard Helmick.

The first contention of Adam Helmick is that the court erred in rendering judgment on the verdict confirming the judgment of August 23, 1913, against him, and in granting a new trial as to the defendant Howard Helmick. In cases in tort, a court may set aside a verdict and grant a new trial as to part of the defendants, and may overrule the motion for a new trial as to other defendants and render judgment on the verdict in favor of the plaintiff against said other defendants. Appellee argues that section 7b of the Negotiable Instruments Act, as amended in 1895 (J. & A. ¶ 7626), authorizes the setting aside of a verdict and granting of a new trial as to part of the defendants and rendering judgment on the verdict against others. The act only authorizes the severance of judgments as to defendants defaulted and a trial and judgment as to other defendants, and authorizes a judgment against

defendants standing trial who are found liable, and a judgment in favor of such defendants as by the verdict are found not liable. This act does not, in actions on negotiable instruments, change the common-law rule, that where a verdict in an action *ex contractu* is erroneous as to one defendant it must be set aside as to all defendants standing trial before a jury. *Morehouse & Wells Co. v. Schwaber,* 118 Ill. App. 44.

It is also assigned for error that the court erred in permitting the evidence of Newbanks, heard at the former trial, to be read to the jury on this trial, over the objection that a proper foundation for its admission had not been laid. The abstract purports to contain an affidavit, made by one of the attorneys for appellee, stating that Newbanks, who testified on the former trial, "is now to the best information and belief that can be ascertained by affiant, out of the State of Illinois and beyond the jurisdiction of the court"; that he had diligently sought to find his place of residence but had learned that he had left the State of Illinois and had gone to the State of Iowa, but his residence cannot be ascertained and his deposition cannot be procured. The bill of exceptions does not contain any such affidavit. The record does not show any foundation for the admission of the evidence given on a former trial; its admission under such circumstances was error.

It was stipulated on the trial that the name "Adam Helmick" on the note sued upon was not written by appellant, and the only contentions made by appellee concerning appellant's name on the note were that he had approved his name being on the note by permitting part of the proceeds received from the sale of the forged paper to be used in the payment of another note claimed to have had his name on it, because he had not offered to return the money so applied, and also that he had ratified the execution of the note by acknowledging that he had signed it, to an

agent or broker acting for the payee, which acknowledgment was communicated to appellee before she purchased it, and was thereby estopped to deny its execution.

Regarding the first contention, Newbanks at the first trial of this case testified that he wrote out the note sued on and Howard Helmick took it away and returned in a short time with appellant's name on it, and signed it and delivered it to him; that at that time he had a conversation with Howard regarding certain notes made by Howard and himself and that "the Walden note I had taken up for Adam Helmick and mailed Adam Helmick the note personally myself." The Walden note was for $230 and was the only note claimed by appellee to have been paid to which Adam Helmick's name was signed. Adam Helmick testified that he never made or saw such a note. It would appear from the evidence that the Walden note, even if it had been made by appellant, was not paid with the proceeds of the note in suit, neither is it claimed it was paid at the request of or with the knowledge of appellant. If the Walden note for $230 was made by Adam Helmick and Newbanks, and Newbanks was only surety on it, and as such surety paid it with his own money, no reason is given nor is any authority cited showing that Adam Helmick would thereby be made liable for the payment of a forged note for $825 put in circulation by Newbanks after he had paid off the Walden note for Adam Helmick; all that appellant would be liable for would be to Newbanks for the money paid out by him for the use of appellant. Concerning the second contention, L. E. Stone, an attorney, testified, on behalf of appellee, that he had been the attorney for the Helmicks and that before August 15, 1915, he had negotiated several notes for Adam and Howard Helmick; that he had information that Adam Helmick had denied that notes with his name on them had been made by him;

that on August 14th or 15th, Newbanks brought the note in suit to him to negotiate and that he had taken the note to the store of L. Freudenstein and son, and there called up Adam Helmick over the telephone and said to him that he had a note dated August 14, 1912, payable to J. F. Newbanks for $825 signed by him and Howard; that Newbanks wanted him to sell, and he had arranged to sell it through Freudenstein and "wanted to know whether it was genuine. It is your note and Howard's note, and he answered back, it is all right, ° * * * we gave that note to take up certain obligations" mentioning a certain note Harve Campbell held. Appellant's name was not on the Campbell note and appellant denied the conversation as testified to by Stone. His version of that conversation is that Stone asked him if he had signed a note, but did not mention the amount or date or Newbanks' name, and that he replied he had signed a blank note and Howard had taken it away. He also testified that the date of that note he had signed was August 12, 1912, and that the note was filled out except the name of the payee. This answer was, on motion of appellee, excluded and an objection was sustained to a question concerning the amount of that note, which counsel state was for $850. The ruling of the court was proper for the reason the note was the primary evidence of its contents, and no reason is given for the failure to produce it. If it had been produced, then he might have pointed out what was in it when executed by him.

A person who has signed a note of like character, and who, under a mistake, admits the signature of one, is not estopped from his plea denying his signature, especially if the note is not shown him. (*Hefner v. Vandolah*, 62 Ill. 483.) The note appellant had signed bore a different date from the one sued upon. If the broker stated to appellant the date and amount of the note he was offering for sale and appellant, under a

mistake of fact, the note not being shown to him, supposing the note inquired about was the one he had signed, and, proceeding on that false assumption, stated the note was his, we are of the opinion he would be estopped to deny the signature was his, but if such facts were not fully stated to him, he would not be bound by such statement. "An act or declaration consistent with good faith, the injurious result of which could not have been foreseen or anticipated by any ordinary forecast of mind, certainly ought not to operate as an estoppel, although injury may result therefrom to a third party." *Hefner v. Vandolah,* 57 Ill. 520; note to *Shinew v. First Nat. Bank of Bowling Green,* 36 L. R. A. (N. S.) 1006. The appellant was entitled to show all the facts connected with the conversation with Stone after having first laid a proper foundation, and it was a question for the jury whether he did or not state that the signature to the note sued upon was his.

The court gave an instruction that if the jury believed Howard Helmick placed the name Adam Helmick on the note with the consent of Adam Helmick, then the defendants would be bound by such action. There was no evidence on which to base such instruction.

Another instruction was given based on the theory that Adam Helmick had signed the note or authorized some other person to sign it for him. This was directly in conflict with the stipulation, and there was no evidence tending to show he had authorized any other person to sign it for him.

Complaint is also made concerning other instructions, but the questions raised have already been disposed of in the legal propositions announced.

Error is assigned that counsel made improper and prejudicial statements during the trial and in argument. Counsel on both sides appear to have been under high pressure and to have lost their self-con-

trol. A reading of the record discloses continual comments on the evidence while it was being introduced, statements of purported facts not based on the evidence, and criticism of counsel which obviously tended to divert the attention of the jury from the evidence to immaterial things. It is not necessary to discuss these matters further than to state that the reference in the argument of counsel for appellee to the riches and business success of appellant was an appeal to the prejudices of the jury, which was reversible error.

The question has not been argued whether a court of law can enter an order sustaining a judgment in part and not disposing of the remainder of the judgment, and we express no opinion on that question.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*