**Edward Mathis, Appellant, v. Liberty Straw Spreader Company and Arnold Nohl, Appellees.**

**Gen. No. 7,845.**

1. NEGOTIABLE INSTRUMENTS—*president signing for corporation not personally liable.* Where note was signed with name of corporation followed by president's name with affix "Pres.," the president was not personally liable on the note, in view of Negotiable Instruments Law, Cahill's St. ch. 98, ¶ 40.

2. NEGOTIABLE INSTRUMENTS—*no judgment against one of several sued jointly.* Under Cahill's St. ch. 98, ¶¶ 6, 7, it is only where a severance has been effected in the manner there provided that the procedure is changed and a judgment allowed against all not defaulted or any number of them.

Appeal by plaintiff from the Circuit Court of Tazewell county;

the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed June 27, 1925.

VELDE & PRETTYMAN, for appellant.

WILKINS & BRECHER, for appellees.

MR. JUSTICE CROW delivered the opinion of the court.

Action was brought on a promissory note for $1,916.96, signed "Liberty Straw Spreader Co., Arnold Nohl, Pres." Affidavit of merits of plaintiff's claim was filed with the declaration. The general issue was pleaded by both defendants. In addition to the general issue Nohl filed an affidavit denying that the note was signed by him as principal or as surety with the corporation but that it was signed in his capacity as president of the corporation and that the note is the sole obligation of the said corporation and not the joint obligation or joint and several obligations of the said corporation and of him, Nohl. A jury having been waived, the cause was tried by the court, the issues were found for the defendants and judgment rendered accordingly with cost to plaintiff, and he appealed to this court.

The form of the note is:

"$1916.96                    Aug. 1, 1921.
"One day after date we promise to pay to the order of Edward Mathis Nineteen Hundred Sixteen and 96/100 Dollars at Morton, Illinois. Value received, with interest at 6 per cent per annum.
            Liberty Straw Spreader Co.,
               ARNOLD NOHL, Pres."

Appellant contends that the signature of Nohl was attached to the note as joint maker. Appellees contend it was a note of the corporation, and that the signature of Nohl was merely that of an officer executing the note. In substance appellant's contention is based upon the fact that the evidence shows Mathis told Nohl he wanted a "security note" and that he said

he would give him security for it. Plaintiff wrote the note and sent it to Nohl. Nohl's wife was bookkeeper for the corporation and wrote the corporation name and under it the word "Pres.," and Nohl signed it before the word and sent it by mail to plaintiff and he retained it. Counsel for appellant ask, why should his wife have written "Liberty Straw Spreader Co.," if it had not been Arnold Nohl's intention to sign the note as surety? We think the answer is obvious. The president had, and the bookkeeper did not have, authority to execute it. She was not an officer of the corporation and he was. The corporate name might have been placed on it with a rubber stamp followed by the name "Arnold Nohl, President," and the execution would have been prima facie sufficient as a corporation note. When Mathis received the note executed as it was, the manner of its execution was sufficient to put him on notice he did not have a secured note.

Section 20 of article 1 of the Negotiable Instruments Law, Cahill's St. ch. 98, ¶ 40 reads: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as agent or as filling a representative character without disclosing his principal, does not exempt him from personal liability." There is no pretense he was not duly authorized. He was executing on behalf of the corporation an evidence of indebtedness as shown by the name of the corporation preceding his name. For that the legislature has declared he is not personally liable. This interpretation of the statute is corroborated by the further provision that if he signed his name, followed by "president" or other descriptive words, but not disclosing his principal, he is not exempt from personal liability. It is to signatures under such circumstances that liability of described

persons applies. *Trustees of Schools v. Rautenberg,* 88 Ill. 219; *McNeil v. Shober & Carqueville Lith. Co.,* 144 Ill. 238; *Hately v. Pike,* 162 Ill. 241. In the last case it was held evidence was incompetent to show the capacity in which the note was executed. Joint liability was not therefore established.

The court having found the issues against the plaintiff and in favor of both defendants, appellant now contends the judgment must be reversed as to the corporation, even if not reversed as to Nohl. The reasoning by which this conclusion is reached is, that all promissory notes are by statute declared to be joint and several and that there may be a judgment against those liable and in favor of those not liable, or new trials granted as to some and denied as to others. We think this is a misapprehension of the meaning and effect of section 2 of the Act of 1895 relied on (Cahill's St. ch. 98, ¶ 6). By that section persons severally liable upon promissory notes may all or any of them severally be included in the same suit at the option of plaintiff and judgment rendered in said suit shall be without prejudice to the rights of the several defendants, as between themselves. Section 3 regulates the procedure in suits of that character. In effect, section 2 amplifies the rights of holders of such paper and protects the rights of obligors *inter se.* Applied to the rights of plaintiffs so created, section 3 provides that where suits are brought jointly, against defendants jointly and severally liable, instead of proceeding to final judgment only when the liability of all has been established as at common law, such plaintiff may, as to any such defendant or defendants less than all jointly sued, have judgment by default. "The suit shall be thereby (that is, by default) severed, and shall proceed to trial against the other party or parties only, and if the plaintiff recover, judgment shall be entered against such *one or more* of the defendants as are found liable to him, but in no event shall the plaintiff be entitled to more than one satisfaction."

It is manfest from a careful consideration of the two sections construed together, as they must be, that it is only where a severance has been effected in the manner there provided, the procedure is changed and a judgment allowed against all not defaulted, or any number of them. It is the process of *severance* or the legally constituted severance occasioned by default that makes the difference in procedure consistently created to promote the rights of the parties against whom proceedings are thereafter carried on. *Smith v. Grabbe,* 196 Ill. App. 325; *Kaufman v. Helmick,* 212 Ill. App. 10; *Kimmel v. Weil,* 95 Ill. App. 15. Under those circumstances, a new trial might be allowed as to one or more contesting liability, or denied as to all, or some only. But no such situation as that exists here. The parties were jointly sued. Both pleaded to the merits. One denied joint or other liability. Not being in a situation of default to which the statute applies, a recovery must be had against both or neither as at common law. The rights of the parties are not changed on appeal or error.

Being of opinion the court committed no error in the trial of the said cause, the judgment of the circuit court of Tazewell county is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE NIEHAUS, having heard this case in the circuit court, was not present and took no part in the consideration or decision in this court.